**STATE ex rel. Henry C. COLLINS, Relator,**

v.

**Honorable Ninian M. EDWARDS, Judge, Circuit Court, St. Louis County, Respondent.**

**No. 64455.**

Supreme Court of Missouri,
En Banc.

May 31, 1983.
Rehearing Denied June 30, 1983.

Mark Arnold, Joseph P. Conran, Harry B. Wilson, Larry Levin, St. Louis, for relator.

Benson Cytron, House Springs, John E. Reaban, Jr., Chesterfield, for respondent.

BILLINGS, Judge.

The Court being of the opinion that the preliminary writ of prohibition issued herein was improvidently granted, it is ordered that said preliminary writ be quashed and the petition dismissed.

HIGGINS, GUNN, DONNELLY, JJ., and LOWENSTEIN, Special Judge, concur.

BLACKMAR, J., dissents in separate opinion filed.

RENDLEN, C.J., dissents and concurs in separate dissenting opinion of BLACKMAR, J.

WELLIVER, J., not sitting.

BLACKMAR, Judge, dissenting.

This proceeding in prohibition had its origin in a suit filed by Linda A. Collins against the relator, seeking (1) dissolution of marriage with ancillary relief and (2) a declaration that a divorce decree which the plaintiff had sought and obtained in the Dominican Republic was invalid. The rela-

tor, defendant below, filed an answer asserting that the Dominican decree was valid and that the plaintiff, having sought it, was estopped to deny its validity.

The relator sought to use normal discovery processes to take the deposition of the plaintiff's mother. She appeared on July 17, 1982, accompanied by her own attorney. Without being asked a formal question she stated her name and address and then volunteered that she would refuse to answer any other questions on the basis of the Fifth Amendment and Article I, Section 19 of the Missouri Constitution. Her lawyer confirmed her purpose of declining any further answers.

Interrogating counsel then asked questions as follows:

How old are you?

Do you know Linda Collins? (The witness's daughter)

Do you know Henry Collins? (Her son-in-law)

Do you know Frank Stasic? (Her husband)

Would you review [Respondent's Deposition Exhibits Number 1, 2 and 3] and, after reviewing them, tell me if you have seen them before?

Have you reviewed the exhibits ma'am?

To each of these questions the witness repeated her litany about the Fifth Amendment and the Missouri Constitution. Her lawyer impatiently reiterated her unwillingness to answer any questions, and suggested that the proceedings be terminated as an encroachment on valuable time. Interrogating counsel then made a statement as follows:

I ask all the previous questions and answers be certified to the court for determination by the court, and I'm accordingly under the rules adjourning the deposition, my part of the deposition, to such time as that is determined. . . .

Relator then filed, assertedly pursuant to Rules 61.01 and 57.09 of the Rules of Civil Procedure, a "Motion for Contempt and Sanction."

The trial court overruled the motion. The record shows nothing emanating from the trial court other than a simple minute order, but the relator's verified Petition in Prohibition states the following:

10. Plaintiff's Motion was called up for hearing before defendant Judge on September 3, 1982 on a regular motion day. At the hearing, plaintiff's counsel stated that the testimony should be compelled because the questions propounded offered *no conceivable link to any matter that might incriminate the witness*, because prior depositions taken (and before defendant) showed absolutely no incriminating facts concerning the matters inquired into, and because of the witness' obvious lack of good faith in refusing to answer any questions at all where she, as the mother of the petitioner below, had knowledge of these facts.

11. *Defendant Judge denied and overruled plaintiff's Motion*, stating that the Fifth Amendment to the Constitution of the United States was a complete bar to compelling testimony, and further stating that, under his interpretation of *State ex rel Shapiro Realty & Inv. v. Cloyd,* 615 S.W.2d 41 (Mo. banc 1981) he could not compel the testimony or conceive of any evidence that would permit him to compel the testimony. Defendant Judge further suggested that plaintiff seek to have the matter reviewed on an extraordinary Writ to obtain a more definitive ruling. A copy of defendant Judge's Order and ruling on the Motion is attached hereto as Exhibit 5.

The respondent's unverified return to the Writ does not respond to these assertions except by a general denial. By analogy to Rules 74.04(e) and (g) we are justified in treating the facts stated above by relator as true.[1]

The relator then sought prohibition. The Missouri Court of Appeals, Eastern District, denied the petition, but we issued our provisional rule. Relator asserts that the writ of prohibition is available to prohibit the respondent judge "from denying discovery by way of deposition by allowing the witness to refuse to answer any or all questions on deposition, . . ." The relator asserts that no remedy other than an extraordinary one is adequate, inasmuch as it would not be possible to abide the trial without the benefit of the information sought, and then to demonstrate that the withholding of the information had been prejudicial.

The respondent is represented here, not by the lawyer who appeared with the witness at the deposition, but by the attorney for the plaintiff in the dissolution action. The return sets forth the following in justification of the respondent's ruling on the motion:

(a) The Petition In Prohibition failed to state facts upon which relief can be granted in that Relator does not state that he made a demonstration from which the Relator would be required to conclude that the answers to the questions asked cannot possibly have a tendency to incriminate to the witness.

(b) The Relator does not allege that a record was made demonstrating that the answers to the questions cannot possibly tend to incriminate.

(c) The Petition For Prohibition shows that Respondent properly exercised his jurisdiction, complied with Article V, Section 2 of the Missouri Constitution, followed the last decision of this Court, with respect to the subject matter, *State ex rel Shapiro Realty & Inv. v. Cloyd,* 615 S.W.2d 41 (Mo. Banc 1981) and found that Relator had not rebutted the rebuttable presumption, that the witness' answers might tend to incriminate her, by a demonstration that the answers cannot possibly have such tendency.

(d) The witness could possibly incriminate herself by answering the questions posed or ones to be reasonably expected thereafter and related.

---

1. It would be much more satisfactory if the trial judge would indicate his reasons on the record, or prepare and file a brief opinion.

(e) That the determination that Relator had not borne its burden constituted a conclusion of law based on a finding of fact, and in making the finding of fact the Respondent acted in a discretionary matter which may not be made the subject of a prohibition action.

Respondent's brief consists of invective and of hypertechnical arguments suggesting that the relator had misconceived his remedy. It concludes as follows:

The question that could have been presented to respondent was whether relator had made the demonstration required by Shapiro of one seeking the answer from a witness claiming the privilege afforded by Article I, Section 19 of the Missouri Constitution.

The issues are clearly drawn. The relator sought to take a deposition in accordance with the discovery devices provided by our rules. The witness and her counsel made it absolutely clear from the inception that no information whatsoever would be furnished. The witness's responses reek of bad faith. It is patent that her purpose was to deny information, and not to claim a privilege based on a bona fide concern about the possibility of self-incrimination.[2] The relator took the entirely appropriate step of presenting the matter to the court. I see no point in quibbling about whether the application should have been presented in a different manner or under a different caption. The question before the trial court, and before us, is whether there is any means of compelling further answers to the certified questions.

The controlling case is *State ex rel. Shapiro Realty and Investment Co. v. Cloyd,* 615 S.W.2d 41 (Mo. banc 1981). There this Court gave attention to the opinion of Chief Justice Marshall in *United States v. Burr,* 25 Fed.Cas. No. 14692, in which the Chief Justice made it clear that a witness could claim constitutional privilege as to any question in which there was a possibility of an incriminating answer, but nevertheless

suggested that courts did not invariably have to accept the witnesses' own statements about the fear of self-incrimination, and could conduct further inquiry into the propriety and bona fides of the claim and the possibility of self-incrimination. We struggled with the problem for many years, but in *Shapiro* rejected any claim that there was a burden on a witness to justify a claim of the privilege. We said there:

However, in order to assure that the protection given by Article I, § 19 of the Missouri Constitution, is meaningful, we hold that once a witness claims the privilege afforded him under that provision, *a rebuttable presumption arises that the witness' answer might tend to incriminate him,* a presumption that can be rebutted by a demonstration by the party seeking the answer that such answer " 'cannot possibly' have such tendency to incriminate."

615 S.W.2d at 46.

The bald, blanket claim of privilege, then, is not impervious. The court has a duty to inquire as to whether a claim is overbroad. The burden, of course, is on the interrogator. If that burden had to be met by testimony introduced by the interrogator it might be an impossible one. On this point we agree with the trial judge's conclusions, as reported by relator. There is no way of probing the witness's mind, especially when the witness is hostile and uncooperative. But the burden may be met by any competent evidence, including the conduct and admissions of the witness and her authorized agents. This record is entirely sufficient to support, if not to compel, a finding that this witness was not proceeding in good faith and on the basis of fear of self-incrimination, but rather was trying to thwart the gathering of information by the relator. The court below could have found that presumption described in *Shapiro* has been rebutted.

Our rules provide broad discovery. This discovery has been the hallmark of Missouri

2. The witness, of course, might properly claim the privilege against self-incrimination as to a    particular question.

practice for decades. The court has the duty to take appropriate action to further discovery, when there are attempts at frustration or evasion. This duty is not one which admits of discretion. Discretion exists as to the details, but not as to the exercise of responsibility. The trial judge here was apparently of the opinion that he could do nothing. *Shapiro* teaches that this is not so. We too have a responsibility for seeing that the discovery rules are enforced. If *Shapiro* is being misconstrued and misapplied, we should provide guidance.

There is no point in quibbling about the form of the writ. The court did not reach the point of exercising its discretion. The relator's phrasing of an absence of jurisdiction to deny discovery is not inappropriate. We would also be justified in treating the proceeding as one in mandamus, on the basis that the respondent had the ministerial duty of fostering discovery as provided by the rules.[3] The judge had a duty to "do something."

The remedy by appeal is not adequate. The problem surfaced at the inception of the discovery process. The witness sought to frustrate that process and, intentionally, to force the relator to go to trial without the benefit of discovery as to her testimony. The relator would face an impossible burden in establishing that the denial of this information could have affected the result of the trial. We are justified in intervening at the writ stage, for otherwise the witness and the plaintiff, with whom she has associated herself, might benefit by her inappropriate attempts.

We, of course, do not direct or command the details of further proceedings. The court below had, at the very least, a duty to proceed with the certified questions and to determine whether there is a possibility of self-incrimination from these questions. The witness's want of good faith provides the evidentiary basis required by *Shapiro*. If the deposition is continued and other problems arise then the trial judge would

have the duty to proceed with similar inquiries. It may well be that the witness could avoid the giving of any truly helpful information, by making a claim of privilege which the relator cannot pierce when the first substantial question is asked. If so, this whole proceeding may be an exercise in frustration. But the respondent had a duty to go further than he did. Perhaps the court should have conferred with counsel and the witness in exploring the good faith of the claim of privilege.

Unless we are willing to take some action in this case we must confess that the showing required in *Shapiro* can never be made as a practical matter, and that any witness prompted by a clever lawyer and brazen enough to make a blanket claim of self-incrimination may deprive a litigant of valuable information. I would therefore make the provisional rule as sought by the relator absolute, or, if it would be more stylistically satisfying, would issue a peremptory writ of mandamus.

---

**3.** As to the fungible nature of these writs, *see* Tuchler, "Discretionary Interlocutory Review in Missouri: Judicial Abuse of the Writ," 40 Mo.L.Rev. 577, 586 (1975), discussing "prodamus" and "mandhibition."